```
                                           RECEIPT #_____
                                           AMOUNT $_____150_____
                                           SUMMONS ISSUED__N/A___
                                           LOCAL RULE 4.1_____
UNITED STATES DISTRICT COURT               WAIVER FORM_____
DISTRICT OF MASSACHUSETTS                  MCF ISSUED_____
                                           BY DPTY. CLK.___/m_____
                                           DATE_____7-12-04____
```

| | | |
|---|---|---|
| PETER A. ZIAVRAS, | ) | |
| Plaintiff | ) | C.A. No |
| | ) | |
| v. | ) | 04-11542 GAO |
| | ) | |
| STANDARD LIFE INSURANCE | ) | |
| COMPANY, | ) | NOTICE OF REMOVAL  MAGISTRATE JUDGE _____ |
| Defendant | ) | |

Defendant Standard Life Insurance Company ("Standard") in support of this Notice of Removal of this action to the United States District Court for the District of Massachusetts, respectfully submits that:

1. Standard is the single named defendant in a civil action brought in the Superior Court of the Commonwealth of Massachusetts, Essex County, C.A. No. 2004-1126B, entitled "Peter A. Ziavras v. Standard Life Insurance Company." Standard received a copy of the summons and complaint by first class mail from the Commonwealth of Massachusetts, Insurance Division, on June 25, 2004. There have been no further proceedings.

2. The complaint (appended hereto as Exhibit A) alleges that plaintiff Peter A. Ziavras was covered by, and submitted a claim under, Standard policy no. 637511-A for disability income benefits.

3. Standard did issue a group policy no. 637511-A to Ahold USA, Inc., to fund long term disability benefits offered through an employee welfare benefit plan (the "Plan"), as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq.

1

4. The Plan is subject to and regulated by ERISA.

5. On information and belief plaintiff, at all relevant times, was a participant in the Plan.

6. In his complaint plaintiff asserts counts labeled "Chapter 231A; Declaratory Judgment" and "Chapter 93A" arising out of Standard's alleged wrongful termination of disability benefits under the Plan.

7. ERISA preempts all state law claims in plaintiff's complaint and provides the exclusive remedies for claims seeking benefits from employee welfare benefit plans. ERISA, §§502(a)(1)(B), 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of §502(a)(1) is removable to federal court under 28 U.S.C. §1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the complaint's face. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

8. Even if ERISA does not preempt plaintiff's claims, this action is a dispute between citizens of diverse citizenship and the amount claimed in damages, on information and belief, exceeds $75,000 exclusive of interest and costs. Plaintiff is alleged in his complaint to be a resident of Massachusetts. Standard is incorporated and maintains its principal place of business in Oregon. Plaintiff seeks in his complaint damages for disability insurance benefits not paid, plus "under the provisions of M.G.L. c.93A...multiple damages, in the amount of three times the actual damages" and attorney's fees.

9. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332 and 29 U.S.C. §1132(e). As an action of a civil nature

founded on a claim or right arising under the laws of the United States, and as an action arising between parties of diverse citizenship involving $75,000 or more in dispute, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b).

10. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

11. Written notice of the filing of this Notice of Removal will be given to the plaintiff as required by law.

12. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Essex County, Massachusetts, Superior Court.

WHEREFORE, defendant Standard Life Insurance Company prays that this action stand removed from the Essex County Superior Court of Massachusetts to this Court.

Brooks R. Magratten, Esq.
BBO# 650393
VETTER & WHITE
Attorneys for Defendant
Standard Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: July 9, 2004

## CERTIFICATE OF SERVICE

TO:

Robert I. Kalis, Esq.
Kalis & Lucas
133 Washington Street
Salem, MA 01970

      I hereby certify I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the _12_th day of July, 2004.

_/s/ [signature]_

THE COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

DOCKET NO. 20041126 B

ESSEX, SS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                *
PETER A. ZIAVRAS,               *
     PLAINTIFF                  *
                                *     COMPLAINT
vs.                             *
                                *
STANDARD INSURANCE COMPANY,     *
     DEFENDANT                  *
                                *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. The Plaintiff, Peter A. Ziavras, is an adult male who resides at 13 Whitney Drive, Peabody, Essex County, Massachusetts 01960.

2. The Defendant, Standard Insurance Company, is a registered and licensed insurance in the Commonwealth of Massachusetts; having its home office at 900 South West 5th Avenue, Portland, Oregon 97204-1282.

3. On or about October 1, 1999 the Defendant issued to the Plaintiff a group, long term disability insurance policy, a copy of which is hereto affixed and marked Exhibit "A".

4. Said insurance policy awarded the insured benefits if he became totally disabled.

5. On or about November, 2001, the Plaintiff suffered a serious back injury and/or illness, leaving him totally disabled, and eligible for disability payments within the terms of said insurance policy.

6. Consistent with the terms of Exhibit "A", the Plaintiff

1

applied for disability benefits.

7. After investigation, and consistent with the terms of said insurance policy, the Defendant awarded the Plaintiff total disability benefits commencing May 11, 2002.

8. From May 11, 2002 through May 10, 2004, the Defendant has paid disability benefits to the Plaintiff in the amount of $2,210.00 each month.

9. Under the terms and conditions of said insurance policy the Plaintiff was required to apply for disability benefits under the United States Social Security Act.

10. The Plaintiff did apply for said Social Security benefits.

11. Under the terms of said insurance policy the Defendant's obligation to pay disability benefits would be reduced, retro-actively, by any award of Social Security benefits.

12. On or about January 14, 2002 the Defendant notified the Plaintiff that as of May 10, 2004 they were discontinuing the payment of disability benefits. The Plaintiff was advised this decision was based on their conclusion that the Plaintiff is and was able to perform "sedentary work".

13. The Plaintiff is not capable of employment, sedentary or otherwise, due to multiple and continuing disabilities.

14. On April 28, 2004 the Plaintiff sent the Defendant a formal demand letter pursuant to the provisions of M.G.L., c. 93A, §9, and M.G.L., c. 176D, §3. Attached hereto is a copy of same marked Exhibit "B".

15. The Defendant has failed to respond to said c. 93A demand letter with any reasonable offer of settlement.

16. On May 5, 2004 the Plaintiff received a communication from the Social Security Administration advising him that they had determined that he was totally disabled; and that commencing June, 2004 he would be receiving the sum of $1,599.00 each month in benefits. They also advised him that he would receive a check for $22,089.00 for unpaid Social Security benefits from March 2003 through April 2004. A copy of the Social Security Administration Decision is hereto affixed and marked Exhibit "C".

17. Under the terms of the Standard Insurance Company disability policy, (Exhibit "A") the Defendant is demanding payment to it of said $22,089.00.

18. The Plaintiff has isolated said sum and is holding it in escrow pending determination of this Court as to how and to whom it should be paid.

19. With reference to the disposal of the sum of $22,089.00, and the obligation of the Defendant to continue paying the Plaintiff disability benefits, the Plaintiff has no adequate remedy at law.

## COUNT I
## CHAPTER 231A; DECLARATORY JUDGMENT

20. The Plaintiff incorporates Paragraphs 1. through 19 herein, by reference.

21. That unless this Court determines the liability of the Defendant under said policy; the extent of disability of the Plaintiff; and issue appropriate orders consistent with its

3

findings; the Defendant will continue to refuse to make further disability payments to the Plaintiff; and the Plaintiff will thereby suffer irreparable damages.

22. That the Plaintiff has incurred substantial expense in the investigation and prosecution of this action; which expense is the result of the Defendant's arbitrary decision; made without adequate investigation and information; and without interviewing, talking to, or physically examining the Plaintiff.

WHEREFORE, the Plaintiff demands:

1. That this Court declare the rights and liabilities of the Plaintiff and the Defendant under the terms of the above described insurance policy, (Exhibit "A"), and adjudge that the Defendant is liable to the Plaintiff for continuing disability payments consistent with the terms of the policy.

2. That this Court declare and adjudge that the Defendant is liable to the Plaintiff for the legal costs and expenses of the investigation and prosecution of this claim.

3. That this Court determine the disposition of the $22,089.00 described herein, consistent with the Court's determination of the Defendant's liability for the Plaintiff's legal costs, attorney's fees and expenses in the prosecution of this action.

4. And for such other relief as may be appropriate.

## COUNT II
### (Chapter 93A)

23. The Plaintiff incorporates Paragraphs 1. through 19 herein, by reference.

4

24. The decision to terminate the Plaintiff's benefits, based on the Defendant's arbitrary determination that the Plaintiff was capable of "any occupation", was clearly beyond the expectation of the Plaintiff at the time this policy was purchased and written; and, further, during the period that benefits were paid under the policy. This unilateral determination is in violation of M.G.L., c. 176D, §3 (1A) and c. 176D, §9 (A,D, and G).

25. That the Defendant reached its determination to terminate disability benefits without adequate investigation and information. No person on behalf of the Defendant has interviewed, talked to, or physically examined the Plaintiff to reach this determination. These actions, or failures to act, on the part of the Defendant violate M.G.L., c. 176D, §9 (A,D and G).

26. The Defendant's unilateral termination of benefits due the Plaintiff was intentional, improper and unfair for the previously stated reasons.

WHEREFORE, the Plaintiff demands judgments as follows:

1. That this Court determine that the Defendant's failure to grant relief, upon demand, was intentional, improper and unfair, and was done in bad faith, with reason to know that the acts complained of violated M.G.L., c. 93A.

2. That this Court determine the amount of damages that the Plaintiff has suffered, and award judgment thereon, together with costs and interests.

3. That under the provisions of M.G.L., c. 93A, this Court award multiple damages, in the amount of three times the actual

5

damages, because of the Defendant's failure to make a reasonable offer of relief, upon demand.

4. That the Plaintiff be awarded the costs of this action, including attorney's fees, legal costs, and expenses; all as provided for in M.G.L., c. 93A.

5. And for such other relief as is proper in the circumstances.

Respectfully submitted,
Peter A. Ziavras, Plaintiff
By His Attorney

Date: June 11, 2004

Robert I. Kalis
Kalis & Lucas
133 Washington Street
Salem, MA 01970
(978) 741-0862
BBO# 256940

6