UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER A. ZIAVRAS, | ) | |
| Plaintiff | ) | C.A. No. 04-11542 GAO |
| | ) | |
| v. | ) | |
| | ) | |
| STANDARD LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant | ) | |

## ANSWER AND COUNTERCLAIM

Defendant Standard Insurance Company ("Standard") responds to the allegations of plaintiff's complaint as follows:

### FIRST DEFENSE

1. Lacks knowledge of information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 18.

2. Answering the allegations of paragraph 2, alleges that Standard is an insurance company lawfully authorized to conduct business within the Commonwealth of Massachusetts and maintains its principal place of business at 900 SW Fifth Avenue, Portland, Oregon; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 3, alleges that Standard on or about October 1, 1999 issued Group Long Term Disability Insurance Policy no. 637511-A to Ahold USA, Inc. (the "Policy"), a copy of which appears to have been appended to the complaint as Exhibit A; except as so alleged, denies the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 4, alleges that the terms of the Policy speak for themselves; except as so alleged, states that the Policy generally provides for the

1

payment of benefits in the event of disability, subject to all terms and conditions of the Policy.

5. Answering the allegations of paragraph 5, alleges that: Standard on or about May 23, 2002 received an application from plaintiff for long-term disability ("LTD") benefits under an employee welfare benefit plan (the "Plan") insured by the Policy. In that application plaintiff claimed to have been disabled since November 12, 2002 due to "spinal infarcture weakness in left leg and instability." As a result of that application, Standard paid LTD benefits to plaintiff consistent with the terms of the Plan and Policy. Except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 6, alleges that Standard received on or about May 23, 2002 an application from plaintiff for LTD benefits under the Plan and Policy; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 7, alleges that Standard paid disability benefits to plaintiff commencing May 11, 2002, pursuant to the terms of the Plan and Policy; except as so alleged, denies the remaining allegations of that paragraph.

8. Admits the allegations of paragraphs 8, 10 and 17.

9. Answering the allegations of paragraphs 9 and 11, alleges that the terms of the Policy and Plan speak for themselves and require no summarization or characterization by Standard.

10. Answering the allegations of paragraph 12, alleges that the terms of Standard's January 14, 2002 letter speak for themselves and require no summarization or characterization by Standard.

11. Denies the allegations of paragraphs 13, 22 and 24 through 26.

12. Answering the allegations of paragraph 14, alleges that Standard received a letter from plaintiff's counsel dated April 28, 2004, the terms of which speak for themselves and a copy of which appears to have been appended to the complaint as Exhibit B; except as so alleged, denies the remaining allegations of that paragraph.

13. Answering the allegations of paragraph 15, alleges that Standard responded to plaintiff's counsel's April 28, 2004 letter by letter dated May 10, 2004, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

14. Answering the allegations of paragraph 16, allege that Standard received a copy of a communication dated May 1, 2004 addressed to plaintiff from the Social Security Administration, the terms of which speak for themselves and a copy of which appears to have been appended to the complaint as Exhibit C; except as so alleged, denies the remaining allegations of that paragraph.

15. Paragraph 19 states a conclusion of law to which no response is required; to the extent the Court may otherwise construe that paragraph, it is denied.

16. Repeats and realleges the responses to paragraphs 1 through 19 in response to paragraphs 20 and 23.

17. Answering the allegations of paragraph 21, alleges that standard has rendered a final decision with respect to plaintiff's claim for LTD benefits; except as so alleged, denies the remaining allegations of that paragraph.

## SECOND DEFENSE

18. Plaintiff has failed to state a claim upon which relief may be granted.

**THIRD DEFENSE**

19.  The Employee Retirement Income Security Act of 1974, as amended, 29

U.S.C. §§1001, et. seq., ("ERISA") preempts and bars plaintiff's state and common law causes of

action.

**FOURTH DEFENSE**

20.  Plaintiff's remedies are limited solely to those afforded by ERISA.

**FIFTH DEFENSE**

21.  Plaintiff's claims are barred because Standard discharged its duties in the

interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA

and the documents and instruments governing the Plan.

**SIXTH DEFENSE**

22.  Plaintiff's claims are barred because Standard's claim decision was not

arbitrary, capricious, unreasonable or made in bad faith.

**SEVENTH DEFENSE**

23.  Plaintiff is not entitled to claim benefits in this action payable under the Plan

in the future.

**EIGHTH DEFENSE**

24.  Under the terms of the Plan and Policy, Standard is entitled to an offset based

on any social security, workers' compensation or other income or benefits paid to plaintiff on

account of disability.

## NINTH DEFENSE

25. Plaintiff is not entitled to a trial by jury.

## COUNTERCLAIM

## COUNT I

26. Plaintiff was, at all material times, a participant in the Plan.

27. LTD benefits under the Plan were, at all material times, insured under the Policy, issued by Standard.

28. Standard, at all relevant times, served as the claim fiduciary and insurer of the Plan.

29. The Policy defines the LTD benefit in plaintiff's case as "60% of the first $43,333 of your Predisability Earnings, reduced by Deductible Income." "Deductible Income" is defined to include: "Any amount you, your spouse, or your child under age 18 receive or are eligible to receive because of your disability or retirement under: a. The Federal Social Security Act;..."

30. The Policy further provides, in part:

D. Overpayment Of Claim

We will notify you of the amount of any overpayment of your claim under any group disability insurance policy issued by us. You must immediately repay us......

31. Standard paid LTD benefits of $2210 monthly to plaintiff for the period of May 11, 2002 to May 10, 2004 pursuant to the terms of the Policy and Plan.

32. Standard, on multiple occasions, advised plaintiff that receipt of social security disability benefits could result in an overpayment of LTD benefits under the Plan, and

requested that plaintiff sign a Repayment Agreement.

33. Plaintiff on February 14, 2004 signed a Repayment Agreement, a true copy of which is appended hereto as Exhibit 1, which provides, in part:

> I understand that the receipt of or eligibility for other income or benefits may result in an overpayment of LTD benefits paid to me and that I am responsible for repaying any overpayment of LTD benefits. I agree to immediately repay Standard Insurance Company for any such overpayment.

34. Plaintiff on or about May 1, 2004 was awarded disability benefits by the Social Security Administration in the amount of $22,089.00 for the period of March, 2003 to April, 2004 and $1,599 per month thereafter.

35. As a result of the award of Social Security disability benefits, plaintiff received an overpayment of LTD benefits from Standard under the Plan of $22,483.22.

36. Standard has demanded refund of the LTD benefit overpayment. Plaintiff has refused to tender the same.

37. With respect to the lump-sum social security disability benefit award of $22,089.00, plaintiff in paragraph 18 of his complaint has alleged that he "has isolated said sum and is holding it in escrow pending determination of this Court as to how and to whom it should be paid."

38. The $22,089.00 held by plaintiff plus accrued interest, rightfully and in good conscious belongs to Standard.

39. Pursuant to 29 U.S.C. §1132(a)(3) Standard demands that plaintiff now tender the social security disability benefit award in his possession.

## COUNT II

40. Repeats and realleges the allegations of paragraphs 26 through 39.

41. Plaintiff has wrongfully retained sums owed to the Plan.

42. As a result, plaintiff has been unjustly enriched in the amount of $22,483.22 plus interest.

43. Plaintiff should now be directed to refund said sum to the Plan.

WHEREFORE, Standard now demands that:

i)      Judgment enter dismissing plaintiff's complaint;

ii)     Standard be awarded its costs and attorney's fees; and

iii)    Standard be awarded full relief sought in its counterclaim.


Brooks R. Magratten, Esq.
BBO# 650393
VETTER & WHITE
Attorneys for Defendant
Standard Life Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated:  August  *12*  , 2004

7

## CERTIFICATE OF SERVICE

TO:

Robert I. Kalis, Esq.
Kalis & Lucas
133 Washington Street
Salem, MA 01970

Louis J. Muggeo, Esq.
Louis J. Muggeo & Associates
133 Washington Street
Salem, MA 01970

      I hereby certify I caused to be served on the above-named counsel of record a copy of the within Answer and Counterclaim by mailing first class mail, postage prepaid, on the _12_ th day of August, 2004.